IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THOMAS SIERRA                                                                                           PLAINTIFF

v.                                              4:22-mc-00013-DPM-JJV

REYNALDO GUEVARA; *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

Plaintiff Thomas Sierra is pursuing a lawsuit in the United States District Court for the Northern District of Illinois against Defendants, the City of Chicago and several former Chicago Police Department officers.  (Doc. No. 4 at 2-46.)  The lawsuit alleges various claims under 42 U.S.C. § 1983 and state law arising from the twenty-two years Mr. Sierra spent incarcerated on a murder conviction that has since been vacated.  (*Id*.)  In connection with that lawsuit, the parties have jointly attempted to depose Alberto Rodriguez, an eyewitness to the murder who testified in the underlying criminal proceedings.  (Doc. No. 2 at 1.)  Given Mr. Rodriguez's repeated refusal to participate in a deposition and the fact that he is incarcerated at the Federal Correctional

Institution – Forrest City Low here in the Eastern District of Arkansas, Mr. Sierra filed in this Court a Motion to Compel his deposition. (Doc. No. 2.) *See* Fed. R. Civ. P. 37(a)(2) (a motion for an order compelling disclosure or discovery directed to a nonparty must be made in the court where the discovery is or will be taken).

I appointed counsel to represent Mr. Rodriguez in this action. (Doc. No. 27.) Following briefing by the parties (Doc. Nos. 22, 33, 34), I convened a hearing to determine two issues: (1) whether Mr. Rodriguez should be compelled to sit for a deposition; and (2) if so, whether he would be permitted to assert his Fifth Amendment right against self-incrimination, given the parties' disagreement on this issue. Arrangements were made for the deposition, if ordered, to proceed at the courthouse immediately following the hearing, so as to minimize disruption for Mr. Rodriguez and so that any Fifth Amendment issues could be addressed as they arose. Pursuant to a Writ of Habeas Corpus Ad Testificandum, Mr. Rodriguez was transported in custody to the courthouse for the hearing on November 7, 2022. (Doc. No. 30.)

At the outset of the hearing, counsel for Mr. Sierra served Mr. Rodriguez with a subpoena. Mr. Rodriguez, through counsel, moved for a protective order. After hearing argument, I denied this motion, finding there was no good cause to issue an order protecting Mr. Rodriguez from any perceived oppression or undue burden under Federal Rule of Civil Procedure 26(c)(1).

I granted the Motion to Compel (Doc. No. 2) and ordered Mr. Rodriguez to submit to a deposition - *he refused*. Following this initial refusal, Mr. Rodriguez was given ample time to consult with counsel. He was assured he would have the opportunity to assert his Fifth Amendment rights and to have those issues litigated. He was warned he could be found in contempt of court for failing to comply with my order. He nonetheless remained steadfast in his refusal. Mr. Rodriguez stated no legal reason for his refusal to submit to a deposition; he merely

asserted he did not want to testify and should not have to do so after having testified in the underlying criminal case and in a separate civil matter. Despite being given every opportunity to follow the Court's order, he chose to defy it.[1]

Therefore, in accordance with Federal Rule of Civil Procedure 37(a)(5), I recommend Mr. Rodriguez be ordered to pay Mr. Sierra's expenses. Counsel for Mr. Sierra stated he had expended funds in the amount of $1,615 for his travel and the costs of the videographer and stenographer. I find those expenses to be reasonable and Mr. Rodriguez should be held liable for those expenses.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff Thomas Sierra's Motion to Compel the Deposition of Alberto Rodriguez (Doc. No. 2) be GRANTED.

2. Mr. Rodriguez be ordered to pay $1,615 in sanctions payable to Mr. Sierra.

DATED this 21st day of November 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Set out in a separate Order in *In Re: The Matter of Alberto Rodriguez*, 4:22-mc-00014-JJV, I concluded Mr. Rodriguez's conduct obstructed the administration of justice and constituted contempt punishable by up to thirty days' imprisonment and a fine of up to $5,000. See Fed. R. Civ. P. 37(b)(1); 28 U.S.C. § 636(e)(2).